IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

VS.                                              CRIMINAL NO. 2:19-cr-13-KS-MTP

JASON JONES

ORDER

THIS CAUSE IS BEFORE THE COURT on Motion [39], Memorandum of Law in Support of Defendant's Position for Habeas Corpus Relief Pursuant to 28 U.S.C. §2255 [39] filed October 13, 2020, by Petitioner Jason Jones. There is also a docket entry [40] indicating that it is a Memorandum but in fact it is the exact same pleading as docket entry [39]. The Court will consider the Memorandum as a Motion for Relief pursuant to 28 U.S.C. §2255 and will also consider it as a Memorandum of Law in support of the Motion.

FACTUAL BACKGROUND

While the Affidavit [43] filed by Mr. Ward Conville, former attorney for Petitioner, and the Affidavit in Response [46] filed by Petitioner show some conflicts in the facts leading up to the current Petition, the Court finds as follows:

I.

That Petitioner was indicted on or about March 5, 2019, for several drug related charges; and,

II.

That Petitioner went through the standard preliminary process before Magistrate Judge Michael T. Parker, and Ms. Ellen Allred, Assistant Public Defender, was appointed to represent him; and,

III.

That the litigation process continued and culminated in the entry of a guilty plea by Petitioner on June 6, 2019, before the undersigned District Judge. At the time of the guilty plea, Ms. Allred represented Petitioner, and on October 9, 2019, an Order [28] was entered allowing Ms. Allred to withdraw as attorney for Petitioner; and,

IV.

That on August 26, 2019, Attorney Ward Conville entered his Entry of Appearance [31] indicating that he was representing Petitioner. The reason for the change of attorneys was that the Public Defender's Office concluded there was a potential conflict of interest and Petitioner needed different counsel; and,

V.

That on October 2, 2019, the Petitioner was sentenced to the stated term of imprisonment, fine, etc.; and,

VI.

That Mr. Ward Conville represented the defendant at his sentencing hearing above described; and,

VII.

That the Judgment [37] was entered which concluded the case before this Court; and,

VIII.

That on October 13, 2020, Petitioner filed his Motion [39] pursuant to 28 U.S.C. §2255 to vacate his sentence.

## THE INSTANT PETITION

Following the receipt of the instant petition, the Court requested an Affidavit from Mr. Conville responding to the allegations of Petitioner [41]. Mr. Conville responded by Affidavit [43], Petitioner replied [46], and the Court has now considered the Affidavit of both J. Ward Conville [43] and the Affidavit of Mr. Jones [46]. The Court finds that Mr. Conville did represent Petitioner at his sentencing, but for the guilty plea and issues leading up to the guilty plea, Petitioner was represented by Ms. Ellen Allred. Petitioner states in his Affidavit that he wanted to appeal the sentence, but that Mr. Conville told him that he could not appeal the sentence because he executed a waiver at the time of his guilty plea. Mr. Conville also states that he had done an adequate job of representation but there was apparently some mix up in picking up a portion of the file that Petitioner's girlfriend had requested. It is true that Petitioner waived his right to appeal and the advice of Mr. Conville was correct in that he had waived same. The claims set forth by Petitioner against Mr. Conville do not apply to his sentence and the only potential viable claim that the Court can glean from this scenario is for ineffective assistance of counsel against Ms. Allred. However, that is not before the Court. Petitioner may have a potential civil claim against Mr. Conville for his failure to raise the issue of ineffective assistance of counsel against Ms. Allred, but that is also not before this Court.

28 U.S.C. §2255(b) states:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. …

The Court finds that there is not a case in controversy here alleging a claim pursuant to §2255 and pursuant to the above described section, this Petition should be DENIED AND DISMISSED.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Petition filed herein be, and the same is, hereby DISMISSED.

SO ORDERED this the __23rd__ day of June 2021.

    ___s/Keith Starrett_____
    UNITED STATES DISTRICT JUDGE